USDC SCAN INDEX SHEET










```
CSG    12/27/00    9:37
3:00-CV-02268   SAFARI LAND LTD INC V. HELLWEG INTL PTY LTD
*3*
*ANS.*
```

(SPACE BELOW FOR FILING STAMP ONLY)

MURPHEY & MURPHEY, A.P.C.
Matthew D. Murphey, SBN 194111
Lisa S. Mouradian, SBN 207669
Pacific Center One, Suite 260
701 Palomar Airport Road
Carlsbad, California 92009-1027
Telephone:   (760) 431-0091
Facsimile:   (760) 431-9441

Attorneys for Defendants HELLWEG
INTERNATIONAL, PTY., LTD., and
HELLWEG AMERICA'S LAW ENFORCEMENT
SALES, INC.

FILED

00 DEC 26 PM 3:06

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| SAFARI LAND, LTD., INC., | Civil Action No. 00CV2268IEG(AJB) |
|---|---|
| Plaintiff, | **ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| HELLWEG INTERNATIONAL, PTY. LTD. OF AUSTRALIA, and HELLWEG AMERICA'S LAW ENFORCEMENT SALES, INC., | Honorable Irma E. Gonzales |
| Defendants. | |

Defendant HELLWEG INTERNATIONAL PTY. LTD. OF AUSTRALIA, and HELLWEG AMERICA'S LAW ENFORCEMENT SALES, INC. (collectively "Hellweg") hereby answer the complaint of SAFARI LAND LTD., INC., ("Safari" or "plaintiff") as follows:

1. Answering paragraph 1 of the complaint, Hellweg admits that Hellweg America's Law Enforcement Sales, Inc., resides in this judicial district. Except as so expressly admitted, Hellweg denies generally and specifically each and every remaining allegation contained in that paragraph.

///

///



2.  Answering paragraph 2 of the complaint, Hellweg is without sufficient information or belief to form an answer to this allegation and on that basis denies generally and specifically each and every allegation contained in that paragraph.

3.  Answering paragraph 3 of the complaint, Hellweg admits that Hellweg International Pty. Ltd. of Australia has a principal place of business at 68 Barry Street, Bayswater, Victoria 3153, Australia. Hellweg further admits that Hellweg International Pty. Ltd. of Australia manufactures certain weapons-carrying systems. Except as so expressly admitted, Hellweg denies generally and specifically each and every allegation contained in that paragraph.

4.  Answering paragraph 4 of the complaint, Hellweg admits that Hellweg America's Law Enforcement Sales, Inc. is a California corporation. Except as so expressly admitted, Hellweg denies generally and specifically each and every allegation contained in that paragraph.

5.  No answer is required to Paragraph 5 of the complaint.

6.  Answering paragraph 6 of the complaint, Hellweg is without sufficient information or belief to form an answer to this allegation and on that basis denies generally and specifically each and every allegation contained in that paragraph.

7.  Answering paragraph 7 of the complaint, Hellweg denies generally and specifically each and every allegation contained in that paragraph.

8.  Answering paragraph 8 of the complaint, Hellweg denies generally and specifically each and every allegation contained in that paragraph.

9.  Hellweg denies generally and specifically that plaintiff is entitled to any of the remedies or relief prayed for in the complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

As a first separate and distinct affirmative defense, Hellweg alleges that plaintiff's Complaint fails to state a claim upon which relief could be granted.

## SECOND AFFIRMATIVE DEFENSE

(Laches)

As a second separate and distinct affirmative defense, Hellweg alleges that plaintiff's claim for damages is barred in total or in part by the doctrine of laches pursuant to 35 U.S.C. § 282 and/or common law.

## THIRD AFFIRMATIVE DEFENSE

(Estoppel)

As a third separate and distinct affirmative defense, Hellweg alleges that plaintiff's complaint is barred in total or in part by the doctrines of collateral estoppel, equitable estoppel, and/or prosecution history estoppel.

## FOURTH AFFIRMATIVE DEFENSE

(Patent Misuse)

As a fourth separate and distinct affirmative defense, Hellweg alleges that plaintiff's complaint is barred in total or in part by the doctrine of patent misuse.

## FIFTH AFFIRMATIVE DEFENSE

(On-Sale Bar)

As a fifth separate and distinct affirmative defense, Hellweg alleges that the patent in suit is void and unenforceable by operation of the on-sale bar doctrine contemplated by 35 U.S.C. § 102(b).

## SIXTH AFFIRMATIVE DEFENSE

(Lack of Notice)

As a sixth separate and distinct affirmative defense, Hellweg alleges that the complaint, and each purported claim for relief stated therein, is barred by plaintiff's failure to mark its products to give notice of any patent covering the design and/or utility of plaintiff's products.

## SEVENTH AFFIRMATIVE DEFENSE

(Inequitable Conduct)

As a seventh separate and distinct affirmative defense, Hellweg alleges that

3

00CV2268IEG(AJB)

plaintiff's complaint and each purported claim for relief stated therein is barred in total or in part by plaintiff's inequitable conduct.

### EIGHTH AFFIRMATIVE DEFENSE

(Complaint Brought in Bad Faith)

As an eighth separate and distinct affirmative defense, Hellweg alleges that plaintiff's recovery should be denied or reduced against this answering defendant because plaintiff's complaint is brought in bad faith and without probable cause.

### NINTH AFFIRMATIVE DEFENSE

(Waiver)

As a ninth separate and distinct affirmative defense, Hellweg alleges that plaintiff's complaint is barred by the doctrine of waiver.

### TENTH AFFIRMATIVE DEFENSE

(Consent)

As a tenth separate and distinct affirmative defense, Hellweg alleges that plaintiff's complaint is barred by reason of plaintiff's explicit and/or implied consent to the actions complained of in the complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

(Obviousness)

As an eleventh separate and distinct affirmative defense, Hellweg alleges that the patents in suit are void and unenforceable for obviousness under 35 U.S.C. § 103.

### TWELFTH AFFIRMATIVE DEFENSE

(No Liability to Plaintiff)

As a twelfth separate and distinct affirmative defense, Hellweg denies any liability whatsoever for the infringement, conduct, matters and/or other things alleged in plaintiff's complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Anticipation)

As a thirteenth separate and distinct affirmative defense, Hellweg alleges that

the patent in suit is void under 35 U.S.C. § 102 because the subject matter thereof is anticipated by prior art and existing custom and practice.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Abandonment)

As a fourteenth separate and distinct affirmative defense, Hellweg alleges that the patent in suit is void pursuant to 35 U.S.C. § 102 by reason of plaintiff's abandonment of the same.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Failure to Invent)

As a fifteenth separate and distinct affirmative defense, Hellweg alleges that the patent in suit is void pursuant to 35 U.S.C. § 102 by reason of plaintiff's failure to invent the subject matter thereof.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Failure to Identify Best Mode Contemplated)

As a sixteenth separate and distinct affirmative defense, Hellweg alleges that the patent in suit is void pursuant to 35 U.S.C. § 112 for the alleged inventor's failure to identify the best mode contemplated for carrying out the supposed invention.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Violation of Patent Rule 56)

As a seventeenth separate and distinct affirmative defense, Hellweg alleges that the patent in suit is void pursuant to Patent Rule 56 by reason of plaintiff's failure to disclose to and/or concealment from the patent examiner of prior art then existing and known to plaintiff at the time the patent in suit was applied for.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Complaint Uncertain)

As an eighteenth, separate and distinct affirmative defense to the Complaint on file herein, and to each purported claim for relief stated therein, Hellweg alleges that the Complaint is vague, uncertain, and unintelligible with regard to Hellweg.

5

00CV2268IEG(AJB)

## NINETEENTH AFFIRMATIVE DEFENSE

(Reservation of Right to Raise Additional Affirmative Defenses)

As a nineteenth separate and distinct affirmative defense, Hellweg reserves its right to raise additional affirmative defenses up to the time including after trial.

WHEREFORE, Hellweg pray for relief as follows:

1. That Safari take nothing by reason of its Complaint;
2. That judgment be rendered in favor of Hellweg;
3. That Hellweg be awarded costs of suit incurred in defense of this action, including attorneys' fees; and ,
4. For such other relief as the Court deems just and proper.

Dated: December 26, 2000              **MURPHEY & MURPHEY, A.P.C.**

                                      MATTHEW D. MURPHEY
                                      LISA S. MOURADIAN


                                      By: /s/ Matthew D. Murphey
                                      Matthew D. Murphey
                                      Attorneys for Counter-claimants HELLWEG
                                      INTERNATIONAL PTY. LTD. OF
                                      AUSTRALIA, AND HELLWEG AMERICA'S
                                      LAW ENFORCEMENT SALES, INC.

# PROOF OF SERVICE

I am employed in the County of San Diego, State of California by MURPHEY & MURPHEY, A.P.C., and am over the age of 18 and not a party to the within action. My business address is 701 Palomar Airport Road, Suite 260, Carlsbad, California, 92009.

On December 26, 2000, I served the foregoing documents described as:

**ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**

on all interested parties, through their respective attorneys or agents of record in this action as follows:

Edward R. Schwartz, Esq.
CHRISTIE, PARKER & HALE, LLP
350 West Colorado Blvd, Ste. 500
P.O. Box 7068
Pasadena, California 91109-7068

**METHOD OF SERVICE**

__X__  (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Carlsbad, California.

__X__  (BY FAX) By sending a copy by electronic transmission (facsimile machine) to each person/number named above.

_____  (BY OVERNIGHT EXPRESS) I caused such envelope to be delivered to a courier authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for:

**JURISDICTION**

__X__  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 26, 2000, at Carlsbad, California.

*/s/ Laura Madsen*
Laura Madsen

7

00CV2268IEG(AJB)